State *ex rel.* First Nat. Bank of St. Louis *v.* Dunlap, County Trustee, *et al.*

(*Jackson,* April Term, 1934.)

Opinion filed May 31, 1934.

586

 

LATTA & LATTA, of Dyersburg, for appellants.

HARRY H. ELDER, of Trenton, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an application for a writ of mandamus, to require the county trustee of Gibson county to apply certain funds in his hands to the payment of matured principal and interest of bonds, issued by Drainage District No. 2 of Gibson County, and owned by the relator.

The chancellor, hearing the case on stipulated facts, decreed for the relator, and, the defendants have appealed.

██ The relator seeks to reach money of the drainage district in the hands of the trustee, which the trustee denies is available for payment on the bonds. There is no dispute that the demands of the relator are proper obligations of the district, matured, and unpaid. Therefore mandamus seems to be the proper remedy to determine the issue presented.

The district was organized in 1914, under the provisions of Acts 1909, chapter 185. In addition to the assessments for the payment of bonds, authorized by the county court, an assessment was authorized and made to create a "contingent or administration fund for the

purpose of meeting expenses and contingencies that may arise.'' The decree of the county court making the assessment provided further that the sums collected therefrom should be ''irrevocably pledged to the payment of the bonds and interest coupons.''

The county trustee has not heretofore kept the administration fund separate from the other funds of the district, and money collected from the additional assessment has been applied to the payment of bonds and interest; with the result that the sum now held by the county trustee is much less than that collected from the additional assessment. The trustee and the directors of the district, joined as defendants to the petition, contend therefore that the money now on hand should be held and reserved for administration expenses, including the expense of maintenance.

It was ruled by this court in *Bondholders' Protective Committee* v. *North Fork Drainage District* (unreported), appealed from Dyer county, that the act of 1909 contained no provision authorizing an assessment for administration or maintenance expense—a defect corrected by Acts 1915, chapter 63, enacted after this district was organized. In that case an unauthorized assessment for maintenance or administration was held to have been excluded from provisions of the county court decrees ''irrevocably pledging the entire assessment'' to the payment of the bonds, because the decree plainly showed that the additional assessment was to be devoted to administration purposes. However, the additional assessment in that case was described in the county court decree as also intended to protect the bonds of the district against ''casual default,'' and it was therefore held that a

balance of the administration fund, remaining after proper expenses of maintenance had been met, was liable to the payment of bonds in default.

■ The decree of the county court in the case before us limits the additional assessment to the purpose of providing a fund for the payment of administration and contingent expenses, and does not contain language making such fund liable to the payment of bonds. Therefore, we think the pledge contained in the decree is plainly limited by its context to funds collected on assessments made for the purpose of paying the bonds and interest.

■ However, we do not think the district may replenish its depleted administration fund by retaining money collected on assessments included in the pledge. This would be contrary to the obligation of the bonds. It is no fault of the relator that money collected on the administration assessment has heretofore been paid out on other bonds. The relator is entitled to reach that part of the fund in the hands of the trustee which was collected from the landowner on the assessment made for the payment of bonds and interest. Presumably this amount is shown by the records of the trustee, and a decree for the proper amount can be entered here by agreement of the parties. If not, the case will be remanded to the chancery court of Gibson county for ascertainment of the amount and for decree in accordance with this opinion. Costs of the case will be paid by the drainage district out of its maintenance fund.